■ ALBERT C. MORAN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 44272.) — AULISI, J. Appeal from a judgment in favor of claimants, entered March 24, 1967, upon a decision of the Court of Claims. Claimants owned approximately 230 acres located on both sides of Route 32 about halfway between the Village of New Paltz and the City of Newburgh. The property was used as a dairy farm and apple orchard. The orchards recently had been leased and the main building converted and enlarged for the operation of a nursing home. Claimants had approximately 2,961 feet of frontage along the east side of Route 32 and 3,495 feet along the west side prior to the appropriation, all of which generally conformed to the contour of the original highway. The State appropriated 5.231 acres in fee and also took .036 acre as a permanent easement. The reconstruction of Route 32 resulted in changes in grade along the frontage leaving most of the frontage either above or below grade. Prior to the appropriation several parcels had been sold from claimants' property for residential lots and homes had been built. It is conceded that no damage to the buildings resulted from the taking. The trial court found the highest and best use to be for residential and commercial development along the frontage and for agricultural use to the rear with this highest and best use being the same after appropriation with inferior lots for development because of the changes in grade. The court then found the fair and reasonable market value before the taking was $134,250 and after the taking was $110,750. The total damage of $23,500 was made up of $6,300 direct damage and $17,200 as consequential damage. The State contends that this decision is not sufficiently explicit to permit intelligent review. We are constrained to agree. The trial court states in its decision that it took so much of each appraisal as could be used in establishing values for the best available use. The experts disagreed as to the highest and best use. However, the State's appraiser did agree with the value of $10 per front foot for a residential highest and best use, but only assigned this valuation to an isolated parcel of frontage and he considered the highest and best use as agricultural and gave an average value for the land of $300 per acre. Claimants' expert found a highest and best use of residential and commercial development and gave a value to the frontage of $10 per front foot. He gave separate values to the frontage, the orchard and woodland and detailed the various changes caused by the grade changes and the cost of development. Both experts agreed that there were consequential damages. The trial court apparently placed different values on the frontage and other lands but these values are not set forth. Likewise, the consequential damages are given as a lump sum with no basic values given and no explanation for the figure arrived at, thus, making review impossible. (*Spyros* v. *State of New York,* 25 A D 2d 696; *Conklin* v. *State of New York,* 22 A D 2d 481.) This case is similar to *Barmann* v. *State of New York* (28 A D 2d 938) and it appears that the trial court attempted to follow what was said therein, that where the frontage is only temporarily taken with resultant damage and the land is undeveloped, the " 'land should be valued on the basis of acreage, keeping in mind whatever probability of use may be assigned to it in arriving

at a proper estimate of value of the whole or parts thereof.' " (P. 939.) However, only final values were established and no values set forth for the newly created frontage with its changes above and below grade, the rearage, the wooded land or any other parcel in this varying acreage. Also, although consequential damages were testified to by the experts, they varied for the different parcels. Finally, the State alleges that interest was improperly granted and cites *Utilities & Ind. Corp.* v. *State of New York* (28 A D 2d 957) and *Ley* v. *State of New York* (28 A D 2d 943) and claimants so concede. Determination of appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent with the decision herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.