■    EVELYN J. ROFFLE, as Administratrix of the Estate of ELI ROFFLE, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 51370.) — Judgment unanimously reversed on the law and facts and in the interest of justice, with costs to claimant, and a new trial granted. Memorandum: Claimant appeals on the ground of inadequacy from a judgment of the Court of Claims which awarded her $25,000 for the appropriation of land improved by a commercial building. The property was purchased in 1959 at a cost of $38,500. It was rented until January, 1965 when the tenant's lease expired and it has been vacant since that date. In October, 1967 a fire on the third floor destroyed the roof of the building and it remained unrepaired when it was appropriated on May 3, 1968. ¶ Claimant sought an award based on repair of the building and commercial use of the property. Her expert appraised the land accordingly at $21,120. The State's expert testified that the building was a detriment to the land which, without the building, had a value for residential use of $10,000. The trial court found the best use of the property to be commercial but awarded the $10,000 land value testified to by the State appraiser for residential use. The experts having differed as to the highest and best use of the property, there was no range of testimony to support the amount found by the court in its valuation of the land for commercial use. (*Leonard* v. *State of New York*, 33 A D 2d 711, 712; *Lindquist* v. *State of New York*, 33 A D 2d 950, 951; *Stiriz* v. *State of New York*, 26 A D 2d 964, 965.) Therefore, the award is not supported by the evidence. ¶ There should be a new trial at which proof can be developed by adequate comparables with all adjustments fully explained (see *Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41, 44; *Leonard* v. *State of New York, supra*). (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.