■ HENRY A. MORAN, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 51917.) — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted in accordance with the following memorandum: The property taken by the State herein consists of an unimproved irregular shaped plot of 0.732 plus acres with 186.88 plus feet of frontage on the southerly side of West Genesee Street in the Town of Geddes, Onondaga County, situate at grade level and zoned residential. In addition, Lot No. 2 (being the smaller portion of the subject premises) was encumbered by a restrictive covenant proscribing commercial use of that portion of the subject premises. Along the rear boundary line was a level plateau, approximately 25 feet higher than the subject premises, running for many blocks south and forming a natural demarcation. West Genesee Street was described as a heavily traveled four-lane thoroughfare. While the area was heavily residential, this was limited to the off-streets, with West Genesee Street being a strip of commercial development in the midst of this residential buildup. The evidence would indicate that there has been no residential construction along West Genesee Street in the vicinity of the subject premises for the past 10 to 15 years. In the surrounding area, petitions for zoning changes and variances have met with limited success; however, a corridor study had been authorized by the Town Board and undertaken of the area immediately east of the subject premises, although not effectuated at the time of the appropriation herein. It was conceded by the State's appraisers that the highest and best use of the subject premises was for commercial use for a professional office building. The trial court held, under all the evidence adduced, that there was a reasonable probability of a successful change of zoning and cancellation of the deed restriction to permit utilization for a professional building; that

the highest and best use of the subject premises was potentially commercial; and that it would. give a value commensurate with such potential commercial use. We agree and confirm this finding of fact. We find, however, that the award is not supported by sufficient legally acceptable evidence of value. The State appraiser presented two residential comparables (which were really one) and added an increment for potential commercial development. Given the facts, as adduced in the record surrounding these comparables concerning the sale, their reliability and appropriateness were of little probative value and properly rejected by the trial court. The claimant's appraiser, on the other. hand, used commercial comparables, making a deduction for what he considered the reasonable cost of obtaining a zoning change of the subject premises. However, claimant's appraiser gave no consideration and, in fact, refused to consider any discounting adjustment of his commercial comparables to compensate for the fact that the commercial use classification was not an accomplished fact at the time of appropriation. For this reason, the trial court properly rejected his "zoning cost adjustment" of an across the board $50 per front foot applied to each of his comparables. The trial court, in arriving at its value determination of $400 per front foot for the premises having 186.88 front footage, constituting a total award of $75,000, would appear to have accepted claimant's commercial comparables, but not his adjustments. It would also appear that, although properly rejecting the State appraiser's residential comparable, the trial court did accept, as useful, the said appraiser's potential commercial increment of $70 per front foot. However, the trial court's determination gave no reviewable indication of its computation formula figures; particularly what discount figure was utilized for its downward adjustment of the commercial comparables used. The record is devoid of any such evidence from which the lower court might make such determination. The only evidence relative to such adjustment consideration was the $70 increment figure applied by the State appraiser to his residential comparables. Such figure, conceptually and practically, has no bearing upon the discount figure of commerical comparables, except perhaps by coincidence. Sufficient evidence must be contained in the record to support the value actually found by the court (*Matter of City of New York* [*A & W Realty Corp.*], 1 N Y 2d 428, 433); particularly so where the court deviates from the expert testimony (*Matter of City of New York* [*A & W Realty Corp.*], *supra*; *Clearwater* v. *State of New York*, 28 A D 2d 936; *Fort Amherst Realty Co.* v. *State of New York*, 27 A D 2d 582). Accordingly, the judgment should be reversed and a new trial ordered. Since we affirm the trial court's finding that the property should be valued commercially with its potential use, subject to an appropriate application for change of zoning and proceeding for cancellation of the deed restriction, the new trial should be limited to determination of the value of the property for its highest and best use, to wit, potential commercial purposes limited to a professional building classification. (Appeals from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.