LAWYERS CO-OPERATIVE PUBLISHING COMPANY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 52210.) — Decision reserved, case held and matter remitted to Court of Claims for further findings in accordance with the following memorandum: The State appeals from a judgment of the Court of Claims awarding damages to the claimant in the sum of $155,150, together with interest, for highway appropriation. Claimant has cross-appealed claiming inadequacy of the award. The basic contention of the State upon this appeal is that the trial court erred in valuing the subject premises as having an existing, as opposed to a potential, highest and best use as an industrial park. A finding of the former would permit valuation to be based on comparable sales of industrial park property. Should present industrial park use determination not be warranted by the evidence, the subject property must be valued as raw acreage with appropriate increment for its development potential (*Hewitt* v. *State of New York*, 18 A D 2d 1128). In this action the trial court could and apparently did find that, considering the development stage of said premises, there was a reasonable probability that claimant could or would develop the subject premises as an industrial park within the foreseeable future. Therefore, within the criterion of *Matter of City of New York* (*Shorefront High School — Rudnick*) (25 N Y 2d 146, 149), the trial court properly accepted the highest and best use of the subject premises as an industrial park upon which use classification fair market value was to be predicated; and properly rejected consideration of the State's comparable sales of industrial raw acreage. However, trial court's determination of value herein, varying from claimant's valuation figure, fails to disclose any explanation for such variance either by explicit computation or criticism of claimant's comparables or adjustments. Such omission forecloses intelligent review as to the adequacy of the award herein on the present status of the record. (Appeals from judgment of Court of Claims in claim for damages for perma-

nent appropriation.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.