■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH WILLIAMS, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 26, 1977, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Police officers arriving at the scene of a robbery noticed defendant standing in the bar he allegedly robbed, and detained him as a witness or possible suspect. At this point, victims of the robbery re-entered the bar, saw defendant in police custody, and immediately identified him as the perpetrator. They subsequently identified him in court. We find no constitutional violation here. The police acted properly in detaining defendant, and since the victims entered the bar and saw him in custody, arranging a lineup would have been both futile and a waste of time. In any event, the victims had sufficient opportunity during the robbery to observe defendant in order to be able to identify him later (see *People v Blake,* 35 NY2d 331). We have considered defendant's other allegations of error, and find them meritless. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM DUTCHER, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 5, 1978, which upon reargument of a judgment entered September 1, 1978, sustained the writ and ordered petitioner's release. Judgment reversed, on the law, without costs or disbursements and proceeding dismissed. Petitioner's rights are governed by the provisions of section 259-m of the Executive Law. Pursuant to the provisions of that section and section 259-i (subd 3, par [f], cl [i]) of the Executive Law, petitioner's revocation hearing was timely held. O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.