■    In the Matter of CHRYSLER REALTY CORP., Appellant, v FRANK W. FOLEY et al., Respondents, and CLARKSTOWN CENTRAL SCHOOL DISTRICT, Intervenor-Respondent.—In consolidated tax certiorari proceedings to review the assessments on certain real property for the tax years 1977-1978 and 1978-1979, petitioner appeals from a judgment of the Supreme Court, Rockland County, dated May 15, 1979, which dismissed the petitions. Judgment reversed, without costs or disbursements, and new trial granted. As evidence of the fair market value of the subject parcels, petitioner introduced a real estate appraiser's report analyzing sales and listings of comparable parcels which was admitted as part of the appraiser's direct testimony. The appraiser's report relied on and incorporated an engineering study of the subject parcels performed in 1969 (10 years prior to the trial) by Joseph S. Ward, Inc., an engineering firm (the Ward report). The Ward report contained, among other things, a description of the property's subsurface soil characteristics based on test borings and field data provided by Warren George, Inc., under contract with Ward, and concluded that 65- or 70-foot piles and approximately two feet of fill would be required to support the foundation load which would be imposed by a one-story structure, with additional settlement of approximately six inches requiring relevelling in four to five years. The engineer who compiled the Ward report was not available to testify at trial. However, petitioner did produce another licensed professional engineer, Henry Horowitz, who testified with respect to the surface and subsurface condition of the subject parcels. On the basis of his inspection and general knowledge of the site and surrounding area, Mr. Horowitz described the elevation, drainage and flooding characteristics of the subject parcels and their environs. Additionally, on the basis of his own review of the test borings performed for Joseph S. Ward, Inc., in 1969, Mr. Horowitz concurred with the Ward report's conclusion that piles and filling would be necessary to support a structure, expressing the opinion that some six feet of filling would be required over a portion of the subject parcels at a cost of $133,000 with "no substantial difference" in the cost of the fill as between 1979 and 1977 or 1978. At the close of petitioner's case, respondents made motions to strike both the Ward report and the real estate appraisal and to dismiss the petitions for failure to make out a prima facie case. Special Term granted the motions, reasoning that the appraiser's reliance on the inadmissible Ward report required the appraisal report likewise to be stricken. The exclusion from evidence of the real estate appraisal was error. Although the Ward report constituted inadmissible hearsay in the absence of supporting testimony by its maker and an opportunity for cross-examination by the respondents, the conclusions as to the necessity for piles and fillings reached by Ward and relied upon by the real estate appraiser were substantially confirmed in separate testimony by the engineer Horowitz based on his personal knowledge of the subject parcels and environs and his independent examination of the same test borings used in the Ward report. In view of the fact that Horowitz was available for cross-examination as to his expert conclusions, respondents cannot be said to have lacked an opportunity to probe the factual underpinning and scientific soundness of the engineering opinions on which the real

estate appraiser relied (see *Wells v Kelsey,* 37 NY 143). Furthermore, although the engineer's opinions were, in the strict sense, not in the record at the time the appraisal was introduced into evidence, the appraiser himself remained available for further direct and cross-examination following testimony by the engineer and consequently, the petitioner's opportunity to establish—and the respondents' ability to attack—the appraisal's validity remained essentially intact (cf. CPLR 4515). Thus, in the instant case, any nominal departure from the general rule that an expert may not state an opinion based on facts which are not properly before the trier of fact was a mere irregularity, which the trial court should have disregarded (CPLR 2001; cf. Lee & LeForestier, Review and Reduction of Real Property Assessments [2d ed], § 3.27, pp 145-146; see, also, Richardson, Evidence [10th ed], § 369, p 345; McCormick, Evidence [2d ed], § 14, pp 31-32; *People v Keogh,* 276 NY 141; *People v Sugden,* 35 NY2d 453; *People v Stone,* 35 NY2d 69). Of course, it is for the trier of fact to decide what weight should ultimately be accorded the real estate appraisal on the issue of valuation (see Lee & LeForestier, Review and Reduction of Real Property Assessments [2d ed], § 1.03, p 3, § 3.27, pp 145-146). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.