■ In the Matter of ROCHESTER URBAN RENEWAL AGENCY, Respondent, v RAM LIMITED PARTNERSHIP et al., Appellants. — Judgment unanimously reversed, without costs, and a new trial granted, in accordance with the following memorandum: Respondents owners appeal from a judgment in a condemnation proceeding awarding them $988,586 (plus interest and an additional allowance) computed on the basis of $23 per square foot of land resulting from the taking on February 20, 1973 for urban renewal purposes of a parcel 42,982 square feet in area, located on the southerly side of Court Street in the City of Rochester directly across the street from Xerox Square. The property constituted the northerly portion of a city block, had frontage on three streets and occupied two corners including the corner of Court Street and Chestnut Street. Marine Midland Plaza was located diagonally across this corner. The court in its findings rejected the city's contentions that the property should be valued as two separate parcels and that the highest and best use of the property was for a continuation of its present use for stores, apartments and off-street parking. The court adopted the owners' hypotheses that the property should be valued as one assemblage of land without regard to the value of the buildings thereon, and that the highest and best use was for immediate development for commercial use such as a 10-story office building or, alternatively, for a parking lot pending future development. The court found that "subject property was strategically located in an area of a new intense downtown development directly opposite Xerox Square and diagonally opposite Marine Midland"; that "construction of Marine Midland complex and Xerox Square across from the subject property * * * increased the likelihood of development of the subject property by creating a need for satellite uses"; and that "subject property was a prime prospective location for some of the increased needs of the business generated by the Marine Midland and Xerox projects." It also found that the owners' seven sales (giving adjusted land values ranging from $32.50 per square foot to $45.70 per square foot) were "comparable in use, location and zoning and were adjusted so as to permit the determination of the market value of the subject property." The court made no finding pertaining to the comparability or the adjustments with respect to the three sales offered by the city, which, according to the city's appraiser, gave a land value on the date of taking of $22.50 per square foot. The city's appraiser in adjusting the three sales made no adjustment to reflect the increase in value due to the Xerox and Marine Midland developments and made his adjustments for parcel size in relation to the subject property taken as two separate parcels having areas of 20,271 square feet and 23,210 square feet rather than as a single assembled parcel. The court's award based on $23 per square foot (seemingly derived from the city's sales as adjusted by its appraiser and containing no explanation for the apparent disregard of the owners' sales) is patently inconsistent with its findings and may not stand. Although the court in its decision did not specifically reject the city's three sales as adjusted by its appraiser, it effectively ruled out their use as a basis for the award by finding that the owners' sales were comparable and properly adjusted in relation to subject property as one large parcel instead of two smaller ones and to reflect the increase in value due to the Xerox and Marine Midland improvements. The city's sales were not so adjusted. Furthermore, the city's appraiser's valuation of $22.50 per square foot was predicated on a highest and best use which the court in its findings had specifically rejected. (See *Lawyers Co-op. Pub. Co. v State of New York,* 45 AD2d 927.) Because the retirement of the Trial Justice makes a remand for additional proof and new findings impossible, a full retrial before a

different Justice is required. The parties may, however, stipulate that the record herein be submitted to another Justice and that a decision may be made on the evidence therein as well as on such additional proof as the parties may offer or the court in its discretion may require. (Appeal from judgment of Monroe Supreme Court — condemnation.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.