different Justice is required. The parties may, however, stipulate that the record herein be submitted to another Justice and that a decision may be made on the evidence therein as well as on such additional proof as the parties may offer or the court in its discretion may require. (Appeal from judgment of Monroe Supreme Court — condemnation.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ In the Matter of ROCHESTER URBAN RENEWAL AGENCY, Respondent, v RUTH TAKSEN-BERGER, Individually and as Executrix of SAMUEL BERGER, Deceased, Appellant. — Judgment unanimously reversed, without costs, and a new trial granted, in accordance with same memorandum as in *Rochester Urban Renewal Agency v Ram Ltd. Partnership,*78 AD2d 1007). (Appeal from judgment of Monroe Supreme Court — condemnation.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY J. PYCLIK, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment unanimously affirmed. Memorandum: See *People ex rel. Dutcher v New York State Bd. of Parole* (71 AD2d 963, app dsmd 48 NY2d 799) and *People ex rel. Spinks v Dillon* (69 AD2d 368, app dsmd 48 NY2d 1025). Section 259-o of the Executive Law does not provide for final revocation hearings. Relator was serving a sentence in a foreign State for a crime committed there, and there was no way before the end of that commitment that he could have been returned to New York for a final revocation hearing. Relator was not in a "compact institution" and section 259-n (subd 1, par [d]) of the Executive Law has no application in this situation (see *People ex rel. Gonzales v Dalsheim,* 76 AD2d 952). (Appeal from judgment of Wyoming Supreme Court — habeas corpus.) Present — Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUFUS COPELAND, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment unanimously affirmed. Memorandum: See *People ex rel. Dutcher v New York State Bd. of Parole* (71 AD2d 963, app dsmd 48 NY2d 799) and *People ex rel. Spinks v Dillon* (68 AD2d 368, app dsmd 48 NY2d 1025). Section 259-o of the Executive Law does not provide for final revocation hearings. Relator was serving a sentence in a foreign State for a crime committed there, and there was no way before the end of that commitment that he could have been returned to New York for a final revocation hearing. Relator was not in a "compact institution" and section 259-n (subd 1, par [d]) of the Executive Law has no application in this situation (see *People ex rel. Gonzales v Dalsheim,* 76 AD2d 952). (Appeal from judgment of Wyoming Supreme Court — habeas corpus.) Present — Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN WATTS, Appellant. — Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from his conviction of assault in the second degree (Penal Law, § 120.05) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [a]). He asserts that an 18-month delay between his arrest and trial violated his constitutional and statutory rights to a speedy trial. Defendant claims for the first time on this appeal that he was denied his statutory right to be speedily tried under CPL 30.30. Defendant has waived his statutory right to a speedy trial because he did not raise the issue in the court of first instance (CPL 30.30; *People v Rodriguez,* 50 NY2d 553, 557; *People v Primmer,* 46 NY2d 1048; *People v Adams,* 38 NY2d 605, 607). His contention that he was precluded from raising the statutory speedy trial issue by virtue of a