■ HELEN C. HARWOOD et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 66097.)—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Court of Claims for further proceedings, in accordance with the following memorandum: The State appeals from a judgment awarding claimants $37,052.36 for the appropriation for highway improvement of 1,386 square feet of claimants' property located on Erie Boulevard East in the City of Syracuse. The court awarded direct damages of $4,989.60 based on a value before the taking of $3.60 per square foot and awarded consequential damages of $24,429.75 (based on the market data approach) by multiplying the 32,573 square feet remaining after the taking by $2.85 per square foot based upon the court's negative adjustment of 45 cents per square foot. The adjustment was made because the court took judicial notice of a local zoning ordinance requiring a minimum frontage greater than that of the subject parcel's frontage after the taking for certain special uses such as a gasoline station or a drive-in restaurant.

Although the court properly took judicial notice of the zoning ordinance (*see*, CPLR 4511 [b]), the court erred in not taking additional testimony on whether the city would have granted claimants a special permit but for the lack of frontage. Since there is no evidence in the record that the highest and best use of claimants' property would be a gas station or a drive-in restaurant, the consequential damages awarded by the court cannot stand (*see, Moran v State of New York,* 44 AD2d 894, 895), particularly when the expert testimony adduced by the claimants did not allude to the uses of the property as found by the court (*see, Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428, 433). Had claimants introduced the evidence relied upon by the court, they would have had to establish that there was a reasonable probability that the highest and best use of their property was a gas station or drive-in restaurant and that such use was not prohibited by the zoning ordinance (*see, Matter of City of New York [Broadway Cary Corp.],* 34 NY2d 535, 536). Once the

court took judicial notice of the zoning ordinance, it should not have presumed that claimants could meet their burden of proof and the court should have allowed the State to establish, *inter alia,* that a special permit or variance could be obtained for the few feet short of the frontage required by the zoning ordinance (*see,* 17 Carmody-Wait 2d, NY Prac, Eminent Domain, § 108:32, at 445; 7 Nichols, Eminent Domain § 8.05 [2], at 8-16.9—8-16.11 [3d ed]).

Accordingly, we remit the matter for a further hearing on the issue of consequential damages as well as whether or not the taking would have prevented plaintiff from being able to prove that the highest and best use of the property would be either for a gasoline station or drive-in restaurant (*see, Mil-Pine Plaza v State of New York,* 48 AD2d 532). We note that there is no evidence to support the court's adjustment of 45 cents per square foot based upon zoning limitations and, on remand, this figure should not be used unless a better foundation is established. We affirm the award of direct damages of $4,989.60 from which the State does not appeal. (Appeal from judgment of Court of Claims, Lowery, J.—appropriation.) Present—Callahan, J. P., Boomer, Green, Pine and Schnepp, JJ.