■ KALMAN KLEIN et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 1.) PARKLAND ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.)—In two claims to recover damages resulting from condemnations, (1) the claimants Kalman Klein and Estate of David Teicholz in Claim No. 1 appeal, on the ground of inadequacy, from a judgment of the Court of Claims (Silverman, J.), dated November 1, 1989, which, after a nonjury trial, awarded them the principal sum of $6,300, representing direct damages, and (2) the claimant Parkland Associates in Claim No. 2 appeals, on the ground of inadequacy, from a judgment of the same court, also dated November 1, 1989, which, after a nonjury trial, awarded it the principal sum of $1,890, representing direct damages.

Ordered that the judgments are affirmed, with one bill of costs.

The claimants are the former owners of a 114-acre parcel of property located at the northeast corner of the intersection of Sunrise and Veterans Memorial Highways in the Town of Islip, Suffolk County. The property has substantial frontage along both roads.

In June 1985, the defendant appropriated a total of approximately .17 acres, consisting of approximately 1,354 feet of frontage, forming a so-called "access-control line" between the southern edge of the claimants' property and the highways. The trial court found that even absent the subject taking, the

defendant would have denied any application for access across the property in question. The court concluded that the taking left adequate access at points east and west of the access-control line, and refused to grant consequential damages since there was no reduction in the remaining property's development potential.

The claimants contend that the defendant would probably deny any application for access at a 154-foot line of frontage at the west end of the access-control line, thus leaving only a single point of access at the east end of the appropriation, and reducing the remaining property's development potential. The argument is premised on the contention that State Department of Transportation guidelines would prohibit access at the area in question, because (1) the frontage is located on a "ramp" connecting the two highways, and (2) the line of sight is insufficient.

It is well-settled that a partial appropriation which renders access unsuitable such that the development potential of the remaining property is diminished can be the basis of a consequential damage award, even though the highest and best use of the property is not diminished (see, Priestly v State of New York, 23 NY2d 152; Matter of County of Rockland [Kohl Indus. Park Co.], 147 AD2d 478). However, the claimants have failed to prove that the subject appropriation has reduced the development potential of the remaining property. The trial court found, and the claimants do not contest, that even prior to the subject taking, the defendant would have denied an application for access at any point along what now constitutes the access-control line. We must therefore conclude that the appropriation had no negative effect on access to the claimants' remaining property.

Accordingly, whether the defendant would deny an application for access at a location on the subject property outside the appropriation is irrelevant to the claimants' argument for consequential damages, since the granting or denial of such access would be unrelated to the taking. Even assuming the relevance of the issue, we agree with the trial court's conclusion that the claimants failed to demonstrate that access at the 154-foot area outside the access-control line would be denied, and therefore did not satisfy their burden of proving consequential damages (see, Niagara Mohawk Power Corp. v Olin, 138 AD2d 940). Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.