■ ESTATE OF ROSLYN DRESNER, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [691 NYS2d 116] —In a claim to recover damages for the appropriation of the claimant's property, the State of New York appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Silverman, J.), dated July 1, 1998, as, after a nonjury trial, and after a finding, *inter alia*, that a reasonable probability existed as of December 27, 1989, the date the property was appropriated, that the entire property would be rezoned for J-3 commercial development, (a) awarded the claimant the principal sum of $850,000 for the permanent appropriation of its property, and (b) awarded the claimant $960 per month from December 27, 1989, until the extinguishment of a temporary easement acquired by the State on its property, and the claimant cross-appeals from so much of the judgment as (a)

suspended pre-judgment interest from June 27, 1990, through August 6, 1993, and (b) awarded it only the rental value of that portion of the property as was actually encumbered by the temporary easement.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Court of Claims for a new determination and the entry of judgment in accordance herewith.

At trial, the claimant's appraiser testified to his use of the "comparable sales" method in arriving at a range of unit values from which he calculated a before-taking unit value for the claimant's property of $10.50 per square foot. Notably, the claimant's appraiser had utilized four comparable sales—Sale Nos. 6A and 6B (Sale Nos. 6A and 6B is considered to be one sale), Sale No. 7, Sale No. 8, and Sale No. 9—resulting in comparable before-taking unit values of $11.88, $9.64, $9.32, and $10.10 per square foot. Upon the State's objection, the trial court struck Sale Nos. 6A and 6B, which had yielded the highest unit value of $11.88 per square foot, as being too distant in time to be considered a true comparable sale. Thus, the trial court found before-taking unit values for comparable sales ranging from $9.32 to $10.10 per square foot. However, the trial court adopted the before-taking unit value of the claimant's appraiser for the subject property of $10.50 per square foot, which exceeded the remaining range of values of $9.32 to $10.10 per square foot. This was error. In determining an award to an owner of condemned property, the findings must either be within the range of expert testimony or be supported by other evidence and adequately explained by the court (*see, Matter of City of New York [Reiss]*, 55 NY2d 885, 886, *affd after remittitur* 58 NY2d 817; *see also, Matter of Town of Islip v Mustamed Assocs.*, 222 AD2d 682). Here, the court's adopted unit value of $10.50 per square foot exceeded the range of values remaining after the unit value of $11.88 per square foot for Sale Nos. 6A and 6B was stricken, and no explanation was offered therefor.

Conversely, we note that the trial court also adopted the claimant's appraiser's after-taking unit value of $9.45 per square foot for the subject property. Although that after-taking unit value was within the range of values remaining after the unit value for Sale Nos. 6A and 6B was stricken, it was also infected by the same error because the claimant's appraiser had selected that unit value by considering the unit value for Sale Nos. 6A and 6B. We, therefore, remit the matter to the trial court to select new before- and after-taking unit values for

the subject property based on the range of values accepted by it, and for a de novo computation of the claimant's direct and consequential damages for the taking and direct damages for the temporary easement.

By stipulation dated February 22, 1999, the parties consented, *inter alia*, to the modification of the judgment with respect to certain interest provisions. The stipulation was given to this Court with the apparent intent that this Court incorporate it into the decision and order on the appeal from the judgment. However, since the judgment is being reversed and the matter remitted to the Court of Claims for a new determination, the parties may give the stipulation to the Court of Claims.

The parties' remaining contentions are without merit. Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.