◼ LEON MADOWITZ, Respondent, v STATE OF NEW YORK, Appellant. [733 NYS2d 686] —In a claim to recover damages for the appropriation of real property, the defendant appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Silverman, J.), dated October 19, 2000, as, after a nonjury trial, awarded the claimant consequential damages in the principal sum of $154,950 for a taking of one portion of his property and a temporary easement over his remaining property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In October 1995 the State of New York took 5,063 square feet, or approximately 5.5%, of the claimant's property located on the southeast corner of Route 25A and Pipe Stave Hollow Road in the Town of Brookhaven. The State also took a temporary easement over a 1,544 square-foot strip on the claimant's remaining property. Before the taking, the property consisted of 91,850 square feet of land improved with three buildings. However, for valuation purposes, the property was treated by both parties as being vacant. The Court of Claims credited the testimony of the claimant's experts, an appraiser and an engineer, that the value of the remaining property was reduced as a result of the taking.

The Court of Claims properly awarded consequential dam-

ages to the claimant. A claimant is entitled to compensation for any loss suffered, including consequential damages, where the potential development of property has been reduced (*see, Klein v State of New York,* 187 AD2d 706; *Matter of County of Rockland [Kohl Indus. Park Co.],* 147 AD2d 478; *Matter of County of Nassau [Knightsbridge Co.],* 144 AD2d 364). "In determining an award to an owner of condemned property, the findings must either be within the range of expert testimony or be supported by other evidence and adequately explained by the court" (*Estate of Dresner v State of New York,* 262 AD2d 274, 275; *see, Matter of Town of Islip v Sikora,* 220 AD2d 434). Contrary to the State's assertion, the testimony of the claimant's experts established that the taking reduced the potential development of the claimant's remaining property.

The State's remaining contentions are without merit. Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.