Appeal from that part of a judgment of the Court of Claims (NeMoyer, J.), entered June 17, 2002, that did not award claimant consequential damages as a result of defendant’s condemnation of claimant’s property.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Claimant, the owner of a large shopping plaza, commenced this action against defendant, State of New York (State), seeking direct and consequential damages for the State’s condemnation of two small strips of property, comprising .183 acre, in order to make improvements to the intersection adjoining the plaza. Claimant appeals from a judgment awarding it direct damages only for the taking, in the principal sum of $76,667. Claimant contends that the Court of Claims also should have awarded it consequential damages, in the principal sum of $417,800, for diminution in the utility and value of a certain self-delineated “outparcel” comprising less than one acre of the 26-acre plaza.
In a condemnation case, the court’s award should be upheld where it is within the range of expert testimony or otherwise supported by the evidence and adequately explained by the court (see Madowitz v State of New York, 288 AD2d 442, 443 [2001]; Estate of Dresner v State of New York, 262 AD2d 274, 275 [1999]). Here, the court’s refusal to award consequential damages is supported by the State’s appraisal and other evidence establishing that neither the plaza as a whole nor the “outparcel” was rendered less commercially viable as a result of the de minimis taking (see J.W. Mays, Inc. v State of New York, 300 AD2d 545, 547 [2002], lv denied 99 NY2d 511 [2003]). We agree with the court that the proof in support of claimant’s request for consequential damages was speculative or otherwise insufficient (see id. at 546-547; Estate of Haynes v County of Monroe, 278 AD2d 823, 824-825 [2000], lv denied 96 NY2d 712 [2001]; *998 Matter of County of Nassau [Knightsbridge Co.], 144 AD2d 364, 364-365 [1988]). We have considered claimant’s remaining contention and conclude that it is without merit. Present— Pine, J.R, Hurlbutt, Kehoe, Lawton and Hayes, JJ.