■ NOCO ENERGY CORP., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 103873.) [890 NYS2d 238]—

Appeal from a judgment of the Court of Claims (Philip J. Patti, J.), entered February 11, 2008 in an eminent domain proceeding. The judgment, following a trial, awarded claimant damages in the amount of $617,650, plus interest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this eminent domain proceeding seeking damages for defendant's appropriation of its property. Following a trial, the Court of Claims awarded claimant damages in the amount of $617,650, plus interest. We reject claimant's contention that the award is not supported by the weight of the evidence. "In a condemnation case, the court's award should be upheld where it is within the range of expert testimony or otherwise supported by the evidence and adequately explained by the court" (*Transitown Plaza Assoc. v State of New York*, 1 AD3d 997, 997 [2003]; *see Kupiec v State of New York*, 45 AD3d 1416, 1417 [2007]). Here, the court's award was based in part on the value of the property, if vacant, and that value was within the range of the values presented by the appraisers for both claimant and defendant, as was the final award of the value of the property, with improvements. We reject

claimant's further contention that no range of values was created because the experts differed on the issue of the highest and best use of the property, if vacant. Even assuming, arguendo, that the parties' appraisers did so disagree, we conclude that the valuation of claimant's appraiser was "based on a mixed highest and best use" (*West Seneca Cent. School Dist. v State of New York*, 60 AD2d 760, 760 [1977]; *cf. 1250 Cent. Park Ave. v State of New York*, 58 AD2d 688, 689 [1977]; *Roffle v State of New York*, 40 AD2d 575 [1972]).

In addition, we reject claimant's contention that the court failed to provide an adequate explanation for its findings. Indeed, we conclude that, despite the failure of the court to include in its findings the mathematical computations used in determining the value of the property, the court's findings nevertheless were "sufficiently explicit to permit intelligent review" (*Moran v State of New York*, 29 AD2d 705, 705 [1968]). Such review is possible where a court supports its variances from an expert's valuations either by "explicit computation *or* criticism of [the expert's] comparables or adjustments" (*Lawyers Coop. Publ. Co. v State of New York*, 45 AD2d 927, 927 [1974] [emphasis added]). Here, the court adequately explained each adjustment made by the court to the experts' comparable sales, and those adjustments are supported by the record (*cf. Moran v State of New York*, 44 AD2d 894, 895 [1974]). Contrary to claimant's further contention, the court did not abuse its discretion in granting defendant's request to reopen the case for the submission of additional evidence before the court issued its decision (*see generally* Court of Claims Act § 9 [8]; *Tebor v State of New York*, 92 AD2d 749 [1983]). Finally, in light of our decision, we need not address claimant's remaining contention. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.