■ In the Matter of NEW YORK STATE DEVELOPMENT CORP., Doing Business as EMPIRE STATE DEVELOPMENT CORPORATION, Respondent, v 230 WEST 41ST STREET ASSOCIATES LLC, Appellant. [908 NYS2d 685]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered July 27, 2009, which, following a nonjury trial, awarded $1.315 million in direct damages and declined to award consequential damages, unanimously affirmed, without costs.

The award of compensation for the condemned property was based upon the appropriate factors, and Supreme Court's findings were within the range of expert testimony (*see Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]). Although Supreme Court's written decision does not set forth mathematical calculations, the record on appeal is sufficient to permit thorough and cogent review (*see NOCO Energy Corp. v State of New York*, 67 AD3d 1354, 1355 [2009]). Having conducted such review, we conclude that the court, after adopting claimant's valuation of the condemned property as per its highest and best use as a building "shell" suitable for development, did not abuse

its discretion by deducting from such valuation those costs required to convert the building to such condition, and adjusting its award of direct damages accordingly.

Consequential damages were not warranted for a portion of the taking which was de minimis (*see Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge*, 213 AD2d 409, 412 [1995]; *Matter of American Tel. & Tel. Co. v Salesian Socy.*, 77 AD2d 706, 707 [1980], *appeal dismissed* 51 NY2d 877 [1980]).

Supreme Court did not err by admitting into evidence a confidential written agreement which, by its terms, allowed for its use by the court in condemnation proceedings.

Petitioner's expert appraiser's opinion as to damages was not rendered inadmissible due to partial reliance upon outside material which was of the kind ordinarily accepted by experts in the field (*see Matter of Jamie R. v Consilvio*, 17 AD3d 52, 60 [2005], *affd* 6 NY3d 138 [2006]; *Matter of Chrysler Realty Corp. v Foley*, 74 AD2d 847, 848 [1980], *appeal dismissed* 50 NY2d 928 [1980]). Concur—Friedman, J.P., Nardelli, DeGrasse, Freedman and Manzanet-Daniels, JJ.