East Fordham DE LLC v U.S. Bank N.A. (2020 NY Slip Op 02547)





East Fordham DE LLC v U.S. Bank N.A.


2020 NY Slip Op 02547


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11434 260551/14

[*1]East Fordham DE LLC, Plaintiff-Respondent,
v
U.S. Bank National Association, etc., et al., Defendants-Appellants, KeyBank National Association, Defendant.


Allegaert Berger & Vogel LLP, New York (Alexander H. Shapiro and Partha P. Chattoraj of counsel), for U.S. Bank National Association and Torchlight Loan Services, LLC, appellants.
Zeichner Ellman & Krause LLP, New York (Jantra Van Roy of counsel), for Berkadia Commercial Mortgage LLC, appellant.
Morrison Cohen LLP, New York (Brett D. Dockwell of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered on or about February 19, 2019, which found, after a framed-issue hearing, that plaintiff complied with the directive of the parties' loan modification agreement (LMA) to provide reliable as-stabilized property values so that the minimum net proceeds could be ascertained, unanimously affirmed, with costs.
The plain language of the LMA required that the "as-stabilized value of the Property . . . shall be established by the average of two MAI [Member of the Appraisal Institute] appraisals." The appraisers for both parties were MAIs, and both parties' experts agreed that the appraisers provided "as stabilized" values in their direct capitalization and comparable sales analyses. Despite the fact that certain portions of the appraisal reports were labeled "as-is" with respect to valuation, plaintiff's expert explained that the terms "as-is" and "as-stabilized" may be interchangeable when dealing with a multi-tenant commercial property, and Supreme Court did not improvidently exercise its discretion in crediting this testimony (Rodriguez v Ford Motor Co., 17 AD3d 159, 160 [1st Dept 2005]). Contrary to defendants' contention, Supreme Court's reliance on the Dictionary of Real Estate Appraisal was appropriate "to determine the plain and ordinary meaning of words to a contract" (Lend lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 136 AD3d 52, 57 [1st Dept 2015], affd 28 NY3d 675 [2017]). Further, the appraisal reports were correctly admitted into evidence, as an expert's "opinion may be received in evidence even though some of the information on which it is based is inadmissible hearsay, if the hearsay is of a kind accepted in the profession as reliable in forming a professional opinion, or if it comes [*2]from a witness subject to full cross-examination on . . . trial'" (Matter of Chi-Chuan Wang, 162 AD3d 447, 449 [1st Dept 2018]; see also Matter of New York State Dev. Corp. v 230 W. 41st St. Assoc. LLC, 77 AD3d 479, 480 [1st Dept 2010], lv denied 16 NY3d 703 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK