■ In the Matter of AMERICAN SAVINGS BANK, Respondent, v STATE TAX COMMISSION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Connor, J), entered December 21, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the State Tax Commission's determination modifying petitioner's franchise tax liability for 1974, 1975 and 1976. ¶ Petitioner is a mutual savings bank having its principal office in New York City. Pursuant to subdivision (a) of section 1455 of the Tax Law, savings banks must pay a franchise tax of 12% of the bank's entire net income or portion thereof allocated to this State. Subdivision (b) of that section establishes alternative minimum taxes which are to be paid if they are larger than the basic tax set forth in subdivision (a). One of these alternatives is set forth in paragraph (2) of subdivision (b), and states the tax as: "two per cent of the interest or dividends credited by it to depositors or shareholders, or the portion thereof attributable to this state * * * provided that, in determining such amount, each interest or dividend credit to a depositor or shareholder shall be deemed to be the interest or dividend actually credited or the interest or dividend which would have been credited if it had been computed and credited at the rate of three and one-half per cent per annum, whichever is less." Pursuant to that paragraph, petitioner computed its taxes of $722,561.97, $960,520.13 and $1,038,558.91 for the years 1974, 1975 and 1976, respectively. In June of 1978, petitioner was sent notices of deficiency for the subject years and a hearing was held for redetermination on May 21, 1981. There was no dispute as to the facts. The dispute concerned only the method of computation. Each party advanced a complicated mathematical formula. However, at a slight risk of oversimplification, we have concluded that the only difference between the parties is that petitioner interprets the 3.5% interest rate set forth in the statute to mean simple annual interest while respondent interprets the statute to require compounding of interest in accordance with petitioner's usual business practice. The method of computation of each of the parties was in accordance with that party's interpretation of the statute. After the hearing, respondent determined that its interpretation was correct. Special Term annulled respondent's determination and this appeal ensued. ¶ At the outset, we note that very recently the First Department, in *Matter of American Sav. Bank v Michael* (101 AD2d 40), interpreted identical language contained in the Administrative Code of the City of New York to mean simple annual interest without regard to compounding. ¶ The issue herein is one of pure statutory

---

[*] It appears that service of process was never made on defendant Belknap.

reading and analysis, dependent only upon an accurate apprehension of legislative intent which requires the application of no administrative expertise (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of American Sav. Bank v Michael, supra*). That which is not within the statutory definition as to what constitutes a tax is excluded from tax. In interpreting a tax statute which is exclusionary in nature, we must construe the statute most strongly against the government (see *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196; *Matter of New York Life Ins. Co. v State Tax Comm.,* 80 AD2d 675, affd 55 NY2d 758; *Matter of Burger King v State Tax Comm.,* 70 AD2d 447, mod on other grounds 51 NY2d 614). ¶ The statute establishes a hypothetical tax base not dependent upon the actual rates of interest which the bank charged. Special Term provided an uncomplicated method of determining interest based upon the hypothetical situation: ¶ "1. Compute the average daily deposit liability for the tax year in all accounts which earned at a rate greater than 3.5%, without regard to interest actually earned, paid, accrued or forfeited in these accounts. ¶ "2. Multiply this amount by 3.5%. The result is the tax base for purposes of computation of the alternative minimum tax." ¶ In doing so, Special Term applied the usual and ordinary meaning of the words "at the rate of three and one-half per cent per annum". We agree. Where a statutory term is not defined in the statute, the common meaning of the phrase is to be applied (see McKinney's Cons Laws of NY, Book 1, Statutes, § 232; see, also, *Matter of Steinbeck v Gerosa,* 4 NY2d 302, 308, app dsmd 358 US 39). Traditionally, New York courts have not favored compound interest and, generally, have not interpreted a "per annum" rate as compound unless such has been expressly stated (see *Giventer v Arnow,* 37 NY2d 305; *Young v Hill,* 67 NY 162; *Stewart v Petree,* 55 NY 621). ¶ We conclude that petitioner's interpretation of the statute is the proper one and, accordingly, affirm Special Term's judgment granting the petition. ¶ Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur. [121 Misc 2d 771.]