■ VERONICA D. RAJ, Appellant, v STATE OF NEW YORK, Respondent.—Yesawich, Jr., J.

At issue in this appropriation claim is whether the trial court erred when it found claimant had suitable access to her residence and therefore was unentitled to consequential damages.

In 1981, in connection with the reconstruction of Route 9W, the State acquired approximately two acres of claimant's land, consisting of 72 acres in the Town of Saugerties, Ulster County. The reconstruction, a straightening of the highway by moving it east of its previous location, had the effect of terminating claimant's status as an abutting landowner. After obtaining claimant's written consent, the State extended her 450-foot driveway easterly, over old Route 9W and land immediately adjacent thereto taken from claimant, to meet the newly relocated Route 9W. Claimant contends that the lengthening of her driveway by an additional 120 feet over State land deprived her of legal access in that she is no longer an abutting owner, and further that Highway Law § 10 (24-d) does not justify burdening her with the cost of maintaining the extension. In light of claimant's concession, made on oral argument, that should it be concluded claimant does indeed have legal access to her property, an award of consequential damages would be inappropriate, and our resolution of that issue, it is unnecessary for us to assess claimant's other arguments.

We affirm. It is axiomatic that an owner of property abutting a highway has a compensable right of access thereto *(Egerer v New York Cent. & Hudson Riv. R. R. Co.,* 130 NY 108, 112-113). This right, however, is neither absolute nor superior to that of the State's to exercise its authority to alter the grade and direction of the highway *(Tucci v State of New York,* 28 AD2d 774, *affd on opn below* 29 NY2d 836). As *Tucci* noted, the fact that abutting landowners may be adversely affected by the State's resort to this power does not alter the result *(see, supra).* Access, though not from every point along the highway *(Northern Lights Shopping Center v State of New York,* 20 AD2d 415, 420, *affd* 15 NY2d 688, *cert denied* 382 US 826), and not convenience is the dispositive damage yardstick.

Here, there was credible testimony that the driveway as extended was superior in both technology and safety to the old one. Reasonable access having been furnished, damages "resulting [from an alteration thereof] are considered as *damnum absque injuria"* *(Selig v State of New York,* 10 NY2d 34, 39), unless, of course, claimant has been unlawfully saddled with the cost of preserving the extension.

As the trial court found, Highway Law § 10 (24-d) authorized the State to reestablish claimant's access to her property and to charge maintenance and upkeep costs associated with ensuring that access. Her contention, that such expenses may only be shifted to the landowner when the State acquires land from a third person upon which the new access is constructed and then subsequently conveys the land to the claimant, runs counter not only to a plain reading of the statute, but its legislative history as well. The statute empowers the State to acquire additional land *or* to reestablish access from property to a public road. These alternatives need not be exercised simultaneously. What is more, before construction of the extension began, claimant signed a statement acknowledging that the State, after it had reestablished the driveway at State expense, would not be obligated to maintain it.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.