■ CHARLES F. VAN VALKENBURGH et al., Appellants, v STATE OF NEW YORK, Respondent.—Main, J. Appeal from a judgment in favor of claimants, entered December 6, 1985, upon a decision of the Court of Claims (Hanifin, J.).

In 1982, as part of a project to widen and improve a section of Route 11 (Front Street) in the Town of Chenango, Broome County, the State appropriated portions of a parcel of land owned by claimants. As a result of this appropriation, claimants' access to Front Street from this parcel, was cut off. In order to provide claimants with access to Front Street, the State built an access route across property adjoining claimants' parcel, which the State had previously appropriated, and onto Front Street. Claimants thereafter filed a claim to obtain compensation for the appropriation of their property. Finding that the access route built by the State provided claimants with suitable access to Front Street, the Court of Claims rejected claimants' assertion that their property was landlocked and denied their claim that they were entitled to consequential damages.

On this appeal, claimants' primary contention is that the Court of Claims erred in determining that the State provided them with suitable access to their property because they have not been given any form of title to the new access route and their property is thus unmarketable because of their uncertainty about their right to use the access route. The State, on the other hand, views this situation as no different than the situation faced by the owners of any property fronting on a State highway, since they must cross a State right-of-way to reach the highway. We cannot take such a light view of claimants' situation; unlike the typical situation, in which a property owner crosses a State right-of-way which is closely associated with the highway, claimants are crossing an adjoining parcel of land which previously was owned by private owners and which, conceivably, the State could someday return to private ownership. Nevertheless, we agree with the Court of Claims that the State has provided legal access to claimants' property from Front Street. An owner of property abutting a State highway has a compensable right of access to that highway; however, that right is not absolute (see, *Raj v State of New York*, 124 AD2d 426, 427). "Access * * * and not convenience is the dispositive damage yardstick" *(supra)*. While it appears, as the Court of Claims aptly noted, that the simplest method of solving this problem would be some sort of conveyance to claimants *(cf.,* Highway Law § 30 [12]), the Highway Law does not require such a conveyance. The Commissioner of Transportation is permitted to acquire additional land in order to reestablish a property owner's access and "may" enter into a written agreement to convey that access to the property owner (Highway Law § 10 [24-d]). The statute

thus does not require a conveyance in order to provide legal access to claimants' property.

We also agree that the State provided claimants with alternate access to Front Street in a timely manner. On the very date that the construction project cut off claimants' direct access to Front Street, the State opened a temporary access route across the adjoining property it had previously appropriated and onto Fuller Road, which intersects with Front Street. The day of the taking was the date claimants' damages became fixed (see, Donaloio v State of New York, 99 AD2d 335, 340, affd 64 NY2d 811), and on that date claimants had access to Front Street, albeit not the permanent access later created by the State. This case is completely different from Wolfe v State of New York (22 NY2d 292 [coincidentally involving a parcel of land located in close proximity to the parcel at issue here]). In Wolfe, the State was not permitted to remedy a denial of access after the Court of Claims found the original access provided by the State to be unsuitable. In contrast, none of the access routes provided by the State here was found to be unsuitable. Accordingly, claimants' assertion that the State's provision of access was untimely is without merit.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll and Harvey, JJ., concur.