■ KEITH E. RIDER et al., Respondents, v STATE OF NEW YORK, Appellant. [596 NYS2d 900] —Levine, J. Appeal from a judgment in favor of claimants, entered October 23, 1991, upon a decision of the Court of Claims (Hanifin, J.).

In 1986 the State appropriated some two acres of claimants' land in Delaware County in order to widen State Route 23. Claimants operate a dairy farm on their property, consisting of a total of 679 acres on both the north and south sides of Route 23. Claimants' main dairy complex, including barns, silos and residential buildings, is located on the south side. Their land on the north side was undeveloped and was used for pasturage. Prior to the taking, claimants were able to herd their milk cows from the dairy complex to their land on the north side directly across a farm roadway and then across Route 23, which was accomplished on a daily basis from mid-November to mid-May.

Because of the increased safety hazards to cows and motorists resulting from the fact that the widening of Route 23 allowed greater traffic movement at higher speeds, the Department of Transportation decided to construct an 8-foot by 6-foot cattle pass under Route 23 as an alternative means to afford claimants access to their pasture land on the north side of the highway. The sole issue on appeal concerns the award of $40,000 in consequential damages representing diminishment in value of claimants' entire property related to the problems they have encountered in using the cattle pass for access to the pasture land on the north side of Route 23. The State's and claimants' experts were in agreement (and the Court of Claims so found) that, as actually constructed, the cattle pass is not a practical access because it is too narrow and difficult to clean by mechanical means and is subject to a continuous flow of water through it to a tributary of Charlotte Creek, making it hazardous to cattle and the environment. The State's expert recommended an award of $11,900 for costs-to-cure damages to alleviate some of the difficulties in utilizing the cattle pass, but acknowledged that, short of completely reconstructing it, claimants will not have been made whole. The State's expert, thus, would have awarded claimants an

additional $5,000 in consequential damages but for the advice of counsel for the State that such damages were not legally compensable.

Claimants' expert opined that the actual cost to fully cure the inadequacy of the cattle pass would be "prohibitive" and that, because of the changes already made in road structure, it would be impossible for claimants to revert to their former means of access across the surface of Route 23. Claimants' expert concluded that efficient access for use of their north side pasture land is necessary for the operation of the dairy complex "at competitive levels". Therefore, the present and potential future difficulties of access via the cattle pass definitely reduced the value of the land and building components of claimants' entire dairy farm. Claimants' expert concluded that claimants' consequential damages from the aggregate of such diminished value were $80,000.

The Court of Claims found that the "inadequacies of the cattle pass cannot be fully corrected". Even with the measures suggested by the State's appraiser in estimating "costs to cure", the use of the cattle pass would remain hazardous to cattle and would pose a serious pollution risk which "might ultimately prevent the use of the cattle pass at some time in the future in which case the permanent pasture on the north side of Route 23 would lose its utility". The Court of Claims found that the value of claimants' land, farm and residential buildings were reduced by an aggregate of $40,000, even taking into account the expenditure of the costs to partially cure the condition of the cattle pass. Claimants were awarded a sum which included consequential damages of the foregoing loss in value plus the costs to partially cure of $11,900, together with an undisputed amount for direct damages. The State appeals.

On appeal, the State's attack is restricted to the propriety of awarding consequential damages for any diminution in value of claimants' property attributable to the installation of the cattle pass. The State points to the findings by the Court of Claims that the highest and best use of the property had remained the same, i.e., as a dairy farm, and that, despite the difficulties encountered, claimants continued to utilize the cattle pass for access to the northside pasture land. The State argues that the changes to Route 23 and the installation of the cattle pass merely served to make access to claimants' property on the north side of Route 23 more inconvenient, a situation not giving rise to compensable damages, by analogy to the cases denying compensation for consequential damages

when the taking results in merely making access to the condemnee's property more "circuitous" (citing, *inter alia,* *Bopp v State of New York,* 19 NY2d 368; *Selig v State of New York,* 10 NY2d 34; *Red Apple Rest v State of New York,* 27 AD2d 417).

We disagree. Interference with access making entree more difficult may be compensable if access is not only circuitous or inconvenient but *unsuitable,* i.e., "inadequate to the access needs inherent in the highest and best use of the property involved" *(Priestly v State of New York,* 23 NY2d 152, 156). Whether the remaining access can fairly be characterized as unsuitable is generally a question of fact *(supra,* at 155).

Here, the Court of Claims explicitly found that, even with remedial measures, the cattle pass was inadequate and hazardous and, thus, expressly and by necessary implication found that access by that means was unsuitable. The State's contrary argument is significantly undercut by its concession that claimants were properly awarded costs-to-cure damages, which would not be compensable if the installation of the cattle pass merely rendered access inconvenient or circuitous. The Court of Claims' finding that the remaining access was unsuitable is supported by evidence in the record and, hence, the damages from the resulting reduced value of claimants' property are compensable, even though the property's highest and best use remained unchanged *(see, supra; see also, Schreiber v State of New York,* 56 NY2d 760, 762; *Tauzel v State of New York,* 82 AD2d 933).

Because the decision by the Court of Claims more than adequately identified the highest and best use of the affected property and the nature and extent of the direct and consequential damages, and its award for consequential damages fell within the range of appraisals by the parties' experts, it should be affirmed *(see, Stockdale v State of New York,* 55 NY2d 788, 790; *Matter of City of Rochester v BSF Realty,* 59 AD2d 1035).

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.