OPINION OF THE COURT
Chief Judge Kaye.
Is the prejudgment interest rate on property condemned by the Metropolitan Transportation Authority (MTA) 9% (as provided by McKinney’s Uncons Laws of NY § 2501 [L 1939, ch 585, as amended by L 1982, ch 681, § 4]) or 4% (as provided by Public Authorities Law § 1276 [5])? The courts below answered 9% as do we.
In June 1988, the MTA condemned certain easements across American Pen’s property in order to construct a roadway accessing an electric substation. In accordance with EDPL article 3, the MTA appraised the property at $230,000 before the taking and $110,000 afterward, and offered American Pen $120,000, the amount it viewed as just compensation. American Pen rejected the offer. After the parties failed to reach agreement, the MTA acquired title to the easements pursuant to court order, and in April 1992 made a payment of $120,000 plus $35,619.29, representing 9% interest “from title vesting date to the date of payment.”
American Pen then filed a claim against the MTA, alleging that the taking resulted in damages totaling $1,323,000. According to American Pen, the full value of its property was $1,350,000, and the postcondemnation value was only $27,000. Supreme Court, after a bench trial, accepted American Pen’s valuation of the property, concluded that the taking reduced the value by 40% and ordered that the MTA pay an additional $420,000 plus interest. When American Pen sought 9% interest in its proposed judgment, the MTA countered that the applicable rate was 4% based on Public Authorities Law § 1276 (5). Supreme Court held that the MTA, as a public corporation, was “bound by the 9% rate of interest” and ordered payment of 9% prejudgment as well as postjudgment interest on the award.
The MTA appealed, alleging that both the award and the interest rate were excessive. After the MTA filed its notice of appeal, however, the parties settled the case for $400,000, reducing the principal amount of the award. In February 1998 — almost a decade after the taking — the MTA paid American Pen $280,000 (the principal amount of the settlement reduced by the advance payment), along with interest on the *158 settled, amount at a negotiated 6% rate, without prejudice to either party’s position as to interest. On appeal, the MTA continued to argue for an across-the-board 4% interest rate, and American Pen pressed for 9%.
The Appellate Division modified Supreme Court’s order. The court concluded that because Unconsolidated Laws § 2501 authorized 9% interest not only on judgments but also on “accrued claims,” prejudgment interest could be awarded at a rate as high as 9%, and it ordered a hearing to determine whether 9% was reasonable under the circumstances (253 AD2d 366, 367). As to postjudgment interest, however, the Appellate Division opted for the 4% rate provided by Public Authorities Law § 1276 (5). The court concluded that by its terms, Public Authorities Law § 1276 (5) permitted application of a 4% maximum interest rate on “judgments” against the MTA and that “the 4% rate [was] reasonable in this case” (supra, 253 AD2d, at 368).
On remittal, Supreme Court determined that “9% [was] a fair rate of interest” for the prejudgment portion of the award. The MTA appealed Supreme Court’s judgment directly to this Court, bringing up for review the Appellate Division’s prior order that the 9% rate applies to prejudgment interest awards in its condemnation proceedings. Because American Pen did not cross-appeal on the issue of the applicability of Public Authorities Law § 1276 (5) to postjudgment interest on condemnation awards, only the prejudgment rate is before the Court. We now affirm.
To ensure that a condemnee obtains just compensation, the State is constitutionally required to pay prejudgment interest to compensate for delay in making payment and deprivation of use of the property (Matter of City of New York [Brookfield Re-frig. Corp.], 58 NY2d 532, 536-537). “The amount of interest necessary to bring the payment into accord with the constitutional requirement is a judicial question, although the interest rate fixed by the Legislature will be deemed presumptively reasonable” (Adventurers Whitestone Corp. v City of New York, 65 NY2d 83, 87).[1]
Against this backdrop, we examine the question of which statutory interest rate applies in this condemnation proceed *159 ing. On the one hand, Unconsolidated Laws § 2501 states that the “rate of interest to be paid by a public corporation upon any judgment or accrued claim against the public corporation shall not exceed nine per centum per annum.” The MTA is a public corporation. On the other hand, Public Authorities Law § 1276 (5) provides that the “rate of interest to be paid by the [MTA] upon any judgment for which it is liable shall not exceed four per centum per annum.” We agree with Supreme Court and the Appellate Division that the 9% rate specified in Unconsolidated Laws § 2501 is applicable.
We begin by considering Public Authorities Law § 1276 (5), which appellant urges applies to any and every claim against the MTA. Public Authorities Law § 1276 (“Actions against the authority”) is a consent to suit provision authorizing suit against the MTA. It applies to all actions against the MTA for “damages, for injuries to real or personal property or for the destruction thereof,” personal injuries or death (see, Public Authorities Law § 1276 [1], [2], [3]). It is generally for these types of actions, and not for constitutional claims for just compensation, that the Legislature mandated that interest rates for “any judgment” against the MTA not exceed 4%. Indeed, it is not Public Authorities Law § 1276 but the New York State Constitution that enables condemnees to bring suit against the MTA (see, NY Const, art I, § 7 [a]). The State and its agencies are never immune from claims arising out of the exercise of their power of eminent domain. A consent to suit statute, such as Public Authorities Law § 1276, is thus inapposite to claims for just compensation.
Significantly, in 1969 the Legislature itself acknowledged the unfairness of a presumptive 4% rate in the condemnation context, when it raised the interest rate applicable to municipal corporations in eminent domain proceedings from 4 to 6% (see, General Municipal Law § 3-a [2]). The sponsor of the amendment explained that
“a condemnee suffers an immediate loss in a condemnation when he receives 4% as interest on condemnation awards.
“It is inequitable to penalize a condemnee when by our law * * * the sovereign power seizing by eminent domain is required to pay just compensation.” (Mem of Senate Sponsor Albert B. Lewis, Bill Jacket, L 1969, ch 1102; see also, L 1966, ch 921 [amending State Finance Law § 16 to *160 provide for a 6% interest rate on condemnation awards against the State in contrast to the 4% rate otherwise applicable]; 1966 Report of Committee on Land Acquisition Law and Procedures, at 162 [characterizing 4% interest rate applicable to condemnations as “outmoded”].)
By contrast to Public Authorities Law § 1276, Unconsolidated Laws § 2501 entitles claimants to a presumptive 9% interest rate with respect to “any judgment or accrued claim against” a public corporation. When section 2501 was amended in 1982 to raise the applicable rate from 4% to 9%, the bill’s sponsor stated that since
“the mid-1970’s the rate of interest in the private marketplace has exceeded these amounts often to a substantial degree. Those businesses and individuals that have legitimate claims against public entities have been placed in a tremendously unfair position in terms of being compensated in any sort of reasonable or just way for interest incurred or lost due to nonpayment or nonsettlement of just claims * * *
“Whatever fiscal impact there might be on the public is more than balanced off by the rectification of the gross injustice and inequity being placed on the private taxpaying claimant.” (Mem of Assembly Sponsor Daniel B. Walsh in Support, Bill Jacket, L 1982, ch 681.)
Additionally, Unconsolidated Laws § 2501 mirrors the statute applicable in condemnation proceedings against the State (see, State Finance Law § 16). Parity in the State rate and the rate generally applicable to its public corporations would be consistent with the underlying purposes of the EDPL, which are “to assure that just compensation shall be paid to those persons whose property rights are acquired by the exercise of the power of eminent domain * * * [and] ensure equal treatment to all property owners” (EDPL 101; see also, Matter of City of New York [New Mun. Bldg.], 57 Misc 2d 156, 162 [differentiation between condemnors with respect to applicable interest rate was wholly arbitrary, “unreasonable and palpably improper” because, among other reasons, “the Constitution guarantees the same measure of just compensation to all own *161 ers of property”], affd, sub nom. Matter of City of New York [Manhattan Civic Ctr. Area], 32 AD2d 530, affd 27 NY2d 518).[2]
Appellant’s remaining contentions are either unreviewable or without merit.
Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.

. The statutory interest rate is presumptive only and can be overcome by evidence that the rate would result in a denial of just compensation, or unfairness (Adventurers Whitestone Corp. v City of New York, supra, 65 NY2d, at 87; Matter of County of Nassau [Eveandra Enters.], 42 NY2d 849, 850; see also, Rodriguez v New York City Hous. Auth., 91 NY2d 76, 81).

. We recognize that a 6% interest rate applies in condemnation proceedings against municipal corporations, and that uniformity among property owners — an oft-stated goal of the Legislature — has not yet been achieved.