■ LAKE GEORGE ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 104481.) [803 NYS2d 724]—

Peters, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered June 9, 2004, upon a decision of the court in favor of claimant.

Claimant owned a 1.82-acre shopping plaza parcel, located at the southeast corner of US Route 9 and State Route 149 in the

Town of Queensbury, Warren County (hereinafter the property), containing a one-story commercial structure, subdivided into four retail spaces. The property had 364 feet of frontage on the easterly side of Route 9 and 168 feet of frontage on the southerly side of Route 149, with two 50-foot wide curb cuts within its boundaries allowing traffic to travel to and from Routes 9 and 149. In July 1998, defendant appropriated 6,081 square feet of the property for the purpose of installing turn lanes on the highways, along with new sidewalks and a utility strip. In furtherance of the project, defendant relocated the curb cuts away from claimant's property to the front of two adjacent parcels of land. To accommodate claimant, defendant acquired two permanent easements by way of driveways over the privately-owned adjacent parcels to allow vehicular access to and from claimant's property.

Claimant initiated this action for the direct and consequential damages resulting from defendant's appropriation. After a trial, the Court of Claims issued an extensive decision which awarded claimant $98,786.63 in direct damages, but determined that claimant failed to support its claim for consequential damages, which had been based upon allegations that suitable access to and from the property was diminished, its traffic flow was adversely implicated, the property lost its corner identity, and the property ended up with reduced parking benefits. Claimant solely appeals the denial of the consequential damages award.

Turning first to the suitability of access, consequential damages will not be recovered when the appropriation results in making travel to and from the parcel more inconvenient or circuitous (see Priestly v State of New York, 23 NY2d 152, 155-156 [1968]; Rider v State of New York, 192 AD2d 983, 985 [1993]). Instead, it must be demonstrated that access "is not only circuitous or inconvenient but unsuitable, i.e., 'inadequate to the access needs inherent in the highest and best use of the property involved' " (Rider v State of New York, supra at 985, quoting Priestly v State of New York, supra at 156). Here, claimant was given substitute access by means of an easement over a driveway south of its parcel on Route 9 and by means of an easement over a driveway east of its parcel on Route 149. This type of access is considered sufficient, regardless of whether defendant deeds that right-of-way to the condemnee (see Van Valkenburgh v State of New York, 131 AD2d 903, 904-905 [1987]; Raj v State of New York, 124 AD2d 426, 427 [1986]). Moreover, Highway Law § 10 (24-d) does not require otherwise (see Van Valkenburgh v State of New York, supra at 904-905).

Next addressing the alleged loss of the property's corner

identity, claimant's own expert confirmed that, while the parcel was no longer a stand alone property, it still was a corner lot. The photographs so portray the property and an on-site observation by the Court of Claims confirmed this testimony. With respect to parking benefits, the testimony of Sheryl Duprey, employed by the Department of Transportation as an assistant right-of-way specialist, confirmed no change in the amount of parking provided while that of claimant's appraiser and engineer was, at best, confusing and speculative. Claimant also failed to establish that ingress or egress to and from Routes 9 and 149 through the newly established curb cuts restricted or impeded access. Thus, the Court of Claims properly denied the award.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.