■ In the Matter of NEWTOWN CREEK WATER POLLUTION CONTROL PLANT UPGRADE. MOBIL OIL CORPORATION, Respondent; CITY OF NEW YORK, Appellant. [885 NYS2d 538]—

In a condemnation proceeding, the condemnor appeals from

(1) an order, judgment, and decree (one paper) of the Supreme Court, Kings County (Gerges, J.), dated February 21, 2008, and (2) an amended order, judgment, and decree (one paper) of the same court dated April 3, 2008, which, upon a decision of the same court dated January 15, 2008, made after a nonjury trial, is in favor of the claimant and against it in the sum of $8,505,457 with 6% interest compounded annually from September 19, 1997, until payment is deposited in an escrow account, as just compensation for the taking of its real property.

Ordered that the appeal from the order, judgment, and decree is dismissed, without costs or disbursements, as the order, judgment, and decree was superseded by the amended order, judgment, and decree; and it is further,

Ordered that amended order, judgment, and decree is modified, on the law, by deleting the provisions thereof awarding 6% interest compounded annually from September 19, 1997, until payment is deposited in an escrow account, and substituting therefor provisions awarding interest in the amount of 6% per annum for that period; as so modified, the amended order, judgment, and decree is affirmed, without costs or disbursements, and the order, judgment, and decree is modified accordingly.

In determining an award to an owner of condemned property, the findings must be within the range of expert testimony or be supported by other evidence and adequately explained by the court (*see Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]; *Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d 963, 964 [2007]; *Estate of Dresner v State of New York*, 262 AD2d 274, 275 [1999]). The condemnor contends that the trial court failed to make an adjustment for the superior location of a property on Hamilton Avenue when comparing that property to the subject one. However, contrary to the condemnor's contention, the trial court did make such an adjustment. Moreover, since the trial court's findings were within the range of expert testimony, we decline to disturb its award (*see Rockland Dev. Assoc. v State of New York*, 15 AD3d 381, 381-382 [2005]; *D'Angelo v State of New York*, 253 AD2d 733, 734 [1998]; *Gold-Mark 35 Assoc. v State of New York*, 210 AD2d 377, 379 [1994]).

To ensure that a condemnee obtains just compensation, a municipality is constitutionally required to pay prejudgment interest to compensate for delay in making payment and deprivation of use of the property (*see* EDPL 514 [A]; *Matter of Metropolitan Transp. Auth. v American Pen Corp.*, 94 NY2d 154, 158 [1999]; *Adventurers Whitestone Corp. v City of New York*, 65 NY2d 83, 87 [1985]; *Matter of County of Nassau [Eveandra*

*Enters.]*, 42 NY2d 849, 850 [1977]). General Municipal Law § 3-a (2) provides that the "rate of interest to be paid upon any judgment or accrued claim against the municipal corporation arising out of condemnation proceedings . . . shall not exceed six per centum per annum." Per centum per annum has been construed to mean simple interest (*see Giventer v Arnow,* 37 NY2d 305 [1975]; *Matter of American Sav. Bank v State Tax Commn.,* 103 AD2d 963, 964 [1984]). " 'The amount of interest necessary to bring the payment into accord with the constitutional requirement is a judicial question, although the interest rate fixed by the Legislature will be deemed presumptively reasonable' " (*Matter of Metropolitan Transp. Auth. v American Pen Corp.,* 94 NY2d at 158, quoting *Adventurers Whitestone Corp. v City of New York,* 65 NY2d at 87). "[T]he statutory rate being presumptively reasonable, a claimant who claims to be constitutionally entitled to a higher rate of interest bears the burden of proving the constitutional insufficiency of the statutory rate" (*Adventurers Whitestone Corp. v City of New York,* 65 NY2d at 87-88; *see Matter of Metropolitan Transp. Auth. v American Pen Corp.,* 94 NY2d at 158 n 1; *Matter of City of New York v Estate of Levine,* 196 AD2d 654, 655 [1993]). Here, the claimant failed to present any expert testimony to rebut the presumption of reasonableness associated with the statutory rate of interest (*cf. 520 E. 81st St. Assoc. v State of New York,* 19 AD3d 24, 27 [2005]). In the absence of such evidence, the trial court should have applied the statutory rate of 6% simple interest.

The condemnor's remaining contention is without merit. Mastro, J.P., Skelos, Florio and Leventhal, JJ., concur.