■ In the Matter of CITY OF LONG BEACH, Appellant, v SUN NLF LIMITED PARTNERSHIP et al., Respondents, and LOUIS BOMBART et al., Respondents. [1 NYS3d 270]—

In a condemnation proceeding, the condemnor, City of Long Beach, appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), dated November 14, 2012, which, upon a decision of the same court dated October 3, 2012, made after a nonjury trial, inter alia, is in favor of the claimants and against it in the principal sum of $5,500,000, with prejudgment interest at the rate of 9% per annum.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding prejudgment interest at the rate of 9% per annum, and substituting therefor a provision awarding prejudgment interest at the rate of 6% per annum; as so modified, the judgment is affirmed, without costs or disbursements.

The claimants owned five undeveloped parcels of ocean front property in the City of Long Beach (hereinafter the City), which were part of a more-than-six-acre area known as the "Superblock." The City commenced condemnation proceedings with respect to the claimants' properties and other properties in the

Superblock. The petition was granted, and title vested in the City in April 2006. The claimants filed a claim seeking just compensation for the taking. After a nonjury trial, the Supreme Court determined that the highest and best use of the properties was as assembled with the other properties in the Superblock for mixed-use development, and that the sum of $8,500,000 constituted just compensation. Judgment was entered in favor of the claimants and against the City in the principal sum of $5,500,000, representing the just compensation award less $3,000,000 in advance payments, with, inter alia, prejudgment interest at the rate of 9% per annum. The City appeals.

The measure of damages in a condemnation proceeding " 'must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time' " (*Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 514 [2009], quoting *Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 420 [2002]). "The determination of highest and best use must be based upon evidence of a use which reasonably could or would be made of the property in the near future" (*Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 281 [1994]; *see Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536 [1974]; *Matter of Consolidated Edison Co. of N.Y. v Neptune Assoc.*, 190 AD2d 669 [1993]). " 'The fact that the most profitable use of a parcel can be made only in combination with other lands does not necessarily exclude that use from consideration if the possibility of combination is reasonably sufficient to affect market value' " (*Matter of Metropolitan Transp. Auth.*, 86 AD3d 314, 320 [2011], quoting *Olson v United States*, 292 US 246, 256 [1934]). "Thus, a claimant is entitled to the fair market value of its property for its highest and best available use even though that use is in connection with adjoining properties, provided there is a reasonable probability that the condemned property would be combined with other tracts in the reasonably near future" (*Matter of Metropolitan Transp. Auth.*, 86 AD3d at 320).

Contrary to the City's contention, the Supreme Court properly determined that the highest and best use of the subject properties was as assembled with the other properties in the Superblock for mixed-use development. Numerous private assemblage proposals were made in the decades leading up to the condemnation, resulting in the sale of certain properties and a contract for the sale of the claimants' properties which valued the parcels as assembled in 1987. An application for development of certain of the Superblock parcels precipitated a build-

ing moratorium on the Superblock, while proposals for development of the Superblock as a whole were solicited by the City. The City ultimately rejected another private assemblage proposal in favor of condemnation. Accordingly, the claimants established a reasonable probability of assemblage of the parcels in the Superblock absent the condemnation (*see id.* at 324-325).

Since the City's appraiser did not appraise the subject parcels as assembled with other parcels on the Superblock, the Supreme Court properly based the award on the claimants' appraisal with such adjustments as the evidence will support (*see Bienenstock v State of New York*, 287 AD2d 587 [2001]; *Matter of City of New York*, 94 AD2d 724 [1983], *affd* 61 NY2d 843 [1984]; *c.f. Crosby v State of New York*, 54 AD2d 1064, 1065 [1976]). The alleged flaws in the claimants' appraisal noted by the City were either unsupported by evidence at the trial or already considered by the Supreme Court in downwardly adjusting the claimants' valuation (*see Matter of Metropolitan Transp. Auth.*, 86 AD3d at 326; *Masten v State of New York*, 11 AD2d 370, 372-373 [1960], *affd* 9 NY2d 796 [1961]). Moreover, since condemned properties must be valued as of the date of the taking, the subsequent drop in real estate values cannot properly affect the award (*see Arlen of Nanuet v State of New York*, 26 NY2d 346, 354-355 [1970]).

However, there is merit to the City's challenge to the Supreme Court's award of prejudgment interest at the rate of 9% per annum. To ensure that a condemnee obtains just compensation, a municipality is constitutionally required to pay prejudgment interest to compensate for delay in making payment and deprivation of use of the property (*see* EDPL 514 [A]; *Matter of Metropolitan Transp. Auth. v American Pen Corp.*, 94 NY2d 154, 158 [1999]; *Adventurers Whitestone Corp. v City of New York*, 65 NY2d 83, 87 [1985]). General Municipal Law § 3-a (2) provides that the rate of prejudgment interest in condemnation proceedings shall not exceed 6% per annum. " 'The amount of interest necessary to bring the payment into accord with the constitutional requirement is a judicial question, although the interest rate fixed by the Legislature will be deemed presumptively reasonable' " (*Matter of Metropolitan Transp. Auth. v American Pen Corp.*, 94 NY2d at 158, quoting *Adventurers Whitestone Corp. v City of New York*, 65 NY2d at 87). "[A] claimant who claims to be constitutionally entitled to a higher rate of interest bears the burden of proving the constitutional insufficiency of the statutory rate" (*Adventurers Whitestone Corp. v City of New York*, 65 NY2d at 88; *see Matter of Metropolitan Transp. Auth. v American Pen Corp.*, 94 NY2d at 158 n 1; *Matter of Newtown Cr.*

*Water Pollution Control Plant Upgrade*, 65 AD3d 1241, 1243 [2009]). Here, the claimants failed to present any expert testimony to rebut the presumption of reasonableness associated with the statutory rate of interest (*cf. 520 E. 81st St. Assoc. v State of New York*, 19 AD3d 24, 27 [2005]). In the absence of such evidence, the trial court should have awarded prejudgment interest at the statutory rate of 6% per annum (*see Matter of Newtown Cr. Water Pollution Control Plant Upgrade*, 65 AD3d at 1243). Eng, P.J., Mastro, Roman and Miller, JJ., concur.