*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 16, 2016                521791
_____

KNICKERBOCKER DEVELOPMENT
    CORP.,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____

        Goldman Attorneys PLLC, Albany (Paul J. Goldman of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

_____

Garry, J.

        Appeal from that part of a judgment of the Court of Claims
(Collins, J.), entered June 9, 2015, upon a decision of the court
in favor of defendant.

        Claimant owns three contiguous parcels of property located
on the northeast corner of the intersection of State Route 9 and
Stonebreak Road in the Town of Malta, Saratoga County.  Two of
these parcels were undeveloped; each was just under one acre,
with frontage on Route 9.  The third parcel, comprising 2.29
acres, was improved with an office building and parking lot, with
frontage primarily on Stonebreak Road.  In August 2010, defendant
appropriated a wedge-shaped piece of two of claimant's properties
at the intersection of Route 9 and Stonebreak Road for the

purpose of constructing a roundabout. This taking, totaling .23 acre, included portions of the properties' frontage on Route 9 and Stonebreak Road. Claimant commenced this action thereafter, seeking direct and consequential damages resulting from defendant's appropriation. Claimant alleged that it had purchased the parcels based upon their development potential and that, after the taking, the remaining properties lacked suitable access for their highest and best use, as a high-traffic commercial property. At trial, claimant presented expert testimony that the properties' corner location and access to two roads were central to development as a high-traffic commercial site and to the properties' valuation as such. Claimant also presented expert testimony that, due to the loss of frontage and issues of traffic safety related to the roundabout, permits necessary for certain access onto both Route 9 and Stonebreak Road – which would have been granted prior to the taking – would be denied. The Court of Claims credited claimant's expert testimony regarding the properties' pretaking use as that of a high-traffic commercial property and awarded claimant $83,713 in direct damages.[1] The court further determined that claimant failed to support its claim that the appropriation caused access to be unavailable, and that there was no change in the properties' highest and best use, and, accordingly, denied claimant's request for consequential damages. Claimant appeals, solely as to the denial of such damages.

Consequential damages may be recovered where defendant's appropriation has caused access to the remainder of a property to become "unsuitable," that is, "inadequate to the access needs inherent in the highest and best use of the property involved" (Priestly v State of New York, 23 NY2d 152, 155-156 [1968]; see Lake George Assoc. v State of New York, 23 AD3d 737, 738 [2005],

---

[1] In determining the highest and best use of the three parcels, the Court of Claims found, and defendant does not contest, that it was reasonably probable that claimant's parcels could have been assembled in the near future (see Matter of City of Long Beach v Sun NLF Ltd. Partnership, 124 AD3d 651, 652-653 [2015], lv denied 26 NY3d 902 [2015]; Matter of Metropolitan Transp. Auth., 86 AD3d 314, 320-321 [2011]).

affd 7 NY3d 475 [2006]).  Access may be rendered unsuitable if the taking of frontage on a property abutting a highway or "the physical construction of [an] improvement itself, so impairs access to the remaining property that it can no longer sustain its previous highest and best use" (La Briola v State of New York, 36 NY2d 328, 332 [1975]; see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.], 102 AD3d 787, 793 [2013], appeal dismissed 21 NY3d 938 [2013], lv denied 22 NY3d 858 [2013]).  "[T]he question of suitability is a factual one directly related to the highest and best use of the property" (Priestly v State of New York, 23 NY2d at 156).  The factual issues as to whether a property's "remaining access can fairly be characterized as unsuitable" are to be determined by the trial court, and that determination will be upheld if supported by the record (Rider v State of New York, 192 AD2d 983, 985 [1993]; see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.], 102 AD3d at 794).

Here, claimant alleged that access to Route 9 was limited as a result of the taking because it would no longer be permitted to put two access points on the remaining frontage of the two abutting parcels.  However, defendant's expert testified that Department of Transportation (hereinafter DOT) policy permitted only one access point for each commercial property on a particular road and would grant exceptions only where an owner provided an engineering report and could justify the need for additional access.  Defendant's expert further testified that, in 2006, the Town adopted a comprehensive plan that prioritized the minimization of curb cuts along the Route 9 corridor and required shared driveways wherever feasible.  Notably, the assertion that claimant's parcels would be permitted one access point on Route 9 after the taking "as of right" was uncontested.

Claimant further alleged that suitable access from Stonebreak Road would be prohibited after the taking.  Claimant's expert testified that, based on his experience working with DOT, the new traffic pattern and road markings resulting from the construction of the roundabout would prohibit left-hand turns at the proposed pretaking site of access.  As to the possibility of receiving a permit to construct a right-in/right-out access, claimant's expert testified that such a determination would be

the function of the Town's Planning Board.  As the Court of
Claims highlighted in its decision, claimant's expert was unable
to identify any town or state requirements that would prohibit an
access point on the remaining Stonebreak Road frontage.  Claimant
had not yet sought the permits to construct access to the
property.  On the basis of this testimony and documentation,
including proposed plans and photographs of other properties, the
Court of Claims found that claimant had failed to establish with
reasonable probability that two access points on Route 9 would
have been permitted before the taking or that a permit for one
right-in/right-out access on Stonebreak Road would be denied
after the taking.[2]

   We find that the record supports the determination of the
Court of Claims that, after the taking, claimant had essentially
the same property with the same access that it had before the
taking — a corner property with two potential access points (see
J.W. Mays, Inc. v State of New York, 300 AD2d 545, 547 [2002], lv
denied 99 NY2d 511 [2003]),  and, thus, claimant did not meet its
burden of proving consequential damages (see Klein v State of New
York, 187 AD2d 706, 707 [1992]).  Therefore, we find that the
denial of consequential damages was proper (see Lake George
Assoc. v State of New York, 23 AD3d at 738-739; see also Split
Rock Partnership v State of New York, 275 AD2d 450, 451 [2000],
lv denied 95 NY2d 770 [2000]; compare Matter of Metropolitan
Transp. Auth. [Washed Aggregate Resources, Inc.], 102 AD3d at
794-795; Matter of County of Schenectady [Pahl], 194 AD2d 1004,
1006-1007 [1993], lvs denied 83 NY2d 756 [1994], 84 NY2d 806
[1994]; Matter of County of Rockland [Kohl Indus. Park Co.], 147

_____

   [2]  Claimant challenges the Court of Claims' reliance on a
photograph of another nearby roundabout on Route 9, which reveals
access to a retail business.  However, in contrast to the
circumstances here, the retail use had predated the construction
of the roundabout, and claimant's expert testified that the
access was thus an accommodation.  Nonetheless, we do not find
the court's reliance upon this photograph inappropriate, when
viewed in conjunction with other facts in the record, for the
purpose of demonstrating that the contested access would not be
so unsafe as to be physically impossible.

AD2d 478, 478-478 [1989], lv denied 74 NY2d 607 [1989]).

Further, in view of the testimony by claimant's expert that the installation of the roundabout itself diminished the commercial value of the property — as it replaced the traffic signal that is preferred by commercial developers — it was appropriate for the Court of Claims to note that, to the extent that the property value may have been diminished by its proximity to the roundabout, consequential damages are unavailable. The roundabout was constructed for the benefit of the traveling public, and it is well settled that any "damages resulting from reasonable traffic regulations are noncompensable" (Northern Lights Shopping Ctr. v State of New York, 20 AD2d 415, 421 [1964], affd 15 NY2d 688 [1965], cert denied 382 US 826 [1965]; see Randall v State of New York, 75 AD2d 906, 906-907 [1980]; cf. La Briola v State of New York, 36 NY2d at 331-332). Contrary to claimant's argument, the court did not rely upon an inappropriate standard, but merely buttressed its finding by referencing this restriction. It bears briefly noting that the potential for retail development of claimant's properties had increased due to the location of a major commercial park, resulting in increased traffic on Stonebreak Road; this increased traffic had also, however, resulted in the need for a change in the traffic controls. Upon review, we find sufficient support in the record for the court's determination that the taking did not render access unsuitable for the highest and best use of claimant's properties so as to support an award of consequential damages. Accordingly, we affirm.

Peters, P.J., Lahtinen, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court