Crystal Run Assoc., LLC v State of New York (2019 NY Slip Op 01056)





Crystal Run Assoc., LLC v State of New York


2019 NY Slip Op 01056


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-06374

[*1]Crystal Run Associates, LLC, appellant, 
v
State of New York, respondent. (Claim No. 119904)


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., and Goldstein, Rikon, Rikon & Houghton, P.C. (Kaufman Borgeest & Ryan LLP, Valhalla, NY [Edward J. Guardaro, Jr.], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David S. Frankel of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages arising from a taking of real property, the claimant appeals from a judgment of the Court of Claims (O. Peter Sherwood, J.) dated May 10, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated November 23, 2015, made after a trial, upon awarding the claimant direct damages in the principal sum of $9,240,000, denied so much of the claim as sought to recover consequential damages.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The claimant was the owner of 86 contiguous acres of real property in the Town of Wallkill which had 1,000 feet of frontage to the north with access on Crystal Run Road. On February 18, 2011, the defendant, State of New York, acting pursuant to Highway Law § 30, appropriated approximately 44 of those acres for a major highway reconstruction project involving the improvement of the Exit 122 interchange of State Route 17. After the appropriation, the claimant retained ownership of two remainder parcels, one consisting of approximately 41 acres and the other consisting of slightly more than one acre (hereinafter together the remainder), but no longer had frontage on Crystal Run Road. Although the legal description of the "acquisition map" contained a provision stating that the appropriation was "in fee without right of access to and from abutting property," the legal description also contained express reservations where abutting properties would retain access rights to the public highway. Pursuant to such reservations, the State constructed an access road through an adjacent parcel which, although it did not connect to the remainder, did not preclude development of the remainder since a connection to the access road was feasible.
On May 26, 2011, the claimant filed a claim in the Court of Claims seeking direct damages for the value of the appropriated real property and consequential or severance damages for the diminution in the value of the remainder. As to the remainder, the claimant alleged that as a result of the State's appropriation, the access of the remainder to a public highway was denied and/or impaired. After a trial, the court issued a decision dated November 23, 2015, stating that the claimant was entitled to direct damages in the principal sum of $9,240,000 for the State's taking of the claimant's real property. However, the court denied so much of the claim as sought to recover [*2]consequential damages for the alleged loss or impairment of the remainder's right of access. The court determined that the access road constructed by the State provided access to the remainder and that the claimant failed to present any evidence that entry to the access road was restricted or that there was any "legal, physical or functional" barrier rendering the remainder landlocked or impaired. The court also rejected the claimant's contention that the State was obligated to construct a road connecting to the remainder. A judgment dated May 10, 2016, awarded the claimant the principal sum of $9,240,000.
"When the State takes property by eminent domain, the Constitution requires that it compensate the owner so that he may be put in the same relative position, insofar as this is possible, as if the taking had not occurred'" (Matter of City of New York [Kaiser Woodcraft Corp.], 11 NY3d 353, 359, quoting City of Buffalo v Clement Corp., 28 NY2d 241, 258). In addition, "when the State takes part of a condemnee's property and leaves a remainder, just compensation includes not only the direct damages for the portion that was taken, but also any consequential or indirect damages caused by the taking that impaired the remaining portion of the property" (Lerner Pavlick Realty v State of New York, 98 AD3d 567, 568). Consequential damages may be recovered where the appropriation has caused access to the remainder of the property to become unsuitable (see Knickerbocker Dev. Corp. v State of New York, 140 AD3d 1444, 1445). The Court of Appeals has defined unsuitability of access as "inadequate to the access needs inherent in the highest and best use of the property involved" (Priestly v State of New York, 23 NY2d 152, 156). While an owner of property abutting a State highway has a compensable right of access to that highway, that right is not absolute as " access . . . and not convenience is the dispositive damage yardstick'" (Van Valkenburgh v State of New York, 131 AD2d 903, 904, quoting Raj v State of New York, 124 AD2d 426, 427).
" In reviewing a determination after a nonjury trial, the power of [this] Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses'" (Ronmar Realty, Inc. v State of New York , 121 AD3d 1085, 1087, quoting Hall v McDonald, 115 AD3d 646, 647; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, we agree with the determination of the Court of Claims denying so much of the claim as sought to recover consequential damages. The evidence, including the acquisition map and trial testimony, demonstrated that the remainder had access rights to the public highway. Scott Geiger, the State's Region 8 (Hudson Valley) Construction Engineer, who was subpoenaed to testify by the claimant, testified that the remainder had access to a public highway. Furthermore, Wheldon A. Abt, an architect who testified as an expert witness for the claimant, conceded that the State, in expending public funds, had no obligation to build access to accommodate the needs of a private property owner. He also testified, inter alia, that if the right of access were extended through the property line of the larger remainder parcel, it would be wide enough to meet the needs of the parcel. In addition, William Fitzpatrick, a professional traffic engineer called by the State as a witness, testified that the remainder not only had access to a highway as a result of the map's express reservation of such access, but that the improvements made by the project gave the remainder better access than before. The fact that the access road, as constructed by the State, did not connect to the boundary lines of the remainder is inconsequential. It is undisputed that the claimant or any subsequent owner of the remainder has the right to physically connect to the highway by constructing a connecting road from the remainder to the access road. Accordingly, we agree with the determination of the court to limit the claimant's recovery to the direct damages incurred for the State's appropriation (see Van Valkenburgh v State of New York, 131 AD2d at 908).
The parties' remaining contentions either are without merit or have been rendered academic by our determination.
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court